IN THE UNITED STATES DISTRICT COURT
FOR THE Central DISTRICT OF ILLINOIS

Frank Taylor - Pro-se #R29532

Plaintiff/Petitioner(s),

-vs-

Teresa Casteel - Asso. Librarian
Steven Bryant - Warden
Gregory Lipe - Hearing Committee
Jeffrey Andries - Hearing Committee

Defendant/Respondent(s).

All In Their Individual Capacity.

Docket No. 08-3289
(To be supplied by the Clerk)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983
(State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331
(Federal Prisoner)

☒ CIVIL COMPLAINT
pursuant to the Federal Tort Claims
Act, 28 U.S.C. §1346, 2671-2680

I. JURISDICTION

A. Plaintiff's mailing address and/or register number and present place of confinement.

Frank Taylor #R29532 P.O. Box 999 Pinckneyville Corr. Ctr. Pinckneyville, Illinois 62274

B. Defendant Teresa Casteel is employed as
(Name of First Defendant)

Associate Librarian
(Position/Title)

with Dept. of Vocational and Educational Services, 1301
(Employer's Name and Address)

Concordia Court / P.O. Box 19277, Springfield, IL 62794-9277.

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?    Yes (X)    No ( )

If your answer is "yes", briefly explain:

Associate Librarian Lakeland College Graham Corr. Ctr. School Dist 428 P.O. Box 499 Hillsboro, Illinois 62049

Rev. 2/00

C. Defendant _Steven Bryant_ is employed as
(Name of Second Defendant)
_Chief Administrative Officer - Warden_
(Position/Title)
with _IDOC 1301 Concordia Court/P.O. Box 19277 Springfield,_
(Employer's Name and Address)
_Illinois 62794-9277._

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)    No ( )

If your answer is "yes", briefly explain:
_Warden of Graham Corr. Ctr. P.O. Box 499, Hillsboro Illinois 62049_

D. Using the outline of the form provided, include the above information for any additional defendant(s).

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes ( )    No (X)

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**

Defendant ___Alliance Library Systems___ is employed as
(Name of Defendant)
___School District 428 - Associate Librarian's___
(Position/Title)
With ___600 High Point Lane, East Peoria, IL 61611___
(Employer's Name and Address)
___IDOC 1301 Concordia Court P.O. Box 19277___
___Springfield, IL 62794-9277___

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local, or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain: ___Graham Corr. Ctr. P.O. Box 499___
___Hillsboro, IL 62049.___

Defendant ___Lakeland College - Mattoon___ is employed as
(Name of Defendant)
___Dept. of Education - Associate Librarian's___
(Position/Title)
With ___IDOC 1301 Concordia Court P.O. Box 19277___
(Employer's Name and Address)
___Springfield, IL 62794-9277.___

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local, or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain: ___Graham Corr. Ctr. P.O. Box 499___
___Hillsboro, IL 62049   Mattoon, IL 61938___

Defendant ___Dept. of Vocational Education Services___ is employed as
(Name of Defendant)
___Dept. of Education - Associate Librarian's___
(Position/Title)
With ___IDOC 1301 Concordia Court P.O. Box 19277___
(Employer's Name and Address)
___Springfield, IL 62794-9277___

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local, or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain: ___Graham Corr. Ctr. P.O. Box___
___499, Hillsboro, IL 62049___

Defendant __Jackie Miller__ is employed as
(Name of Defendant)

__Administrative Review Board - Chairperson__
(Position/Title)

With __IDOC 1301 Concordia Court P.O. Box 19277__
__Springfield, IL 62794-9277__
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local, or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain: __Illinois Dept. of Correction__

Defendant __Roger E. Walker__ is employed as
(Name of Defendant)

__Director IDOC__
(Position/Title)

With __IDOC 1301 Concordia Court P.O. Box 19277__
__Springfield, IL 62794-9277__
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local, or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain: __Illinois Dept. of Correction__

Defendant __C/O Olsen #7200__ is employed as
(Name of Defendant)

__Correctional Officer__
(Position/Title)

With __IDOC Concordia Court P.O. Box 19277__
__Springfield, IL 62794-9277__
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local, or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain: __Graham Corr. Ctr. P.O. Box 499 Hillsboro, IL 62049__

2(b)

1. Parties to previous lawsuits:
   Plaintiff(s) _Frank Taylor_

   Defendant(s) _Joyce M. Olson_

2. Court (if Federal Court, name the District; if State Court, name the County)
   _United States District Court Northern Dist. of Illinois_

3. Docket number _04 C 50471_

4. Name of Judge to whom case was assigned _Michael P. Mahoney_

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
   _42 U.S.C.A. 1983_

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?) _Dismissed_

7. Approximate date of filing lawsuit _January 27, 2005_

8. Approximate date of disposition _October 2005_

### III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? _Yes_

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (X) No ( )

C. If your answer is "yes",
   1. What steps did you take? _Denied Witnesses and a full Administrative due process hearing. Exhausted Dept. In Adm. procedures, was given permission too make copies seek remedy._

   2. What was the result? _Denied on each level by the Dept. and Administration. Decieved by c/o Olson acting in the capacity of a advocate_

D. If your answer is "no", explain why not. _____

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? Yes (X)   No ( )

F. If your answer is "yes",
1. What steps did you take? Followed The Grievance Procedure Requested witnesses and a full due process hearing were denied by staff
2. What was the result? Was refused a advocate was refused too have witnesses, was refused investigation

G. If your answer is "no", explain why not. _____

H. Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not: Exhibits are attached

## IV. STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

Four-to-Five day's prior too this incidence Librarian Teresa Casteel gave permission for me too copy this Legal ad correspondence after she had inspected the material for copying when I returned to the library on January 03, 2007 and approached the service desk and asked for a reference book Librarian Teresa Casteel asked me if she could see my large manila Legal envelope, she proceeded to go through my legal material until she notis' my legal ad and stated too withdraw the copies and stating I could not have them it was contraband I said hey wait I pay for them you gave me permission for the copies and I need them you can't take them it legal material for correspondence I reached too retrieve my legal correspondence from her

hand she jerked her hand from my reach for my legal material legal ad correspondence. she then ordered me to go sit at the table then ordered me too go back to the unit. About an hour later I was walked to segregation. The next day I received a conduct report. Associate Librarian Teresa Casteel state. I violated the following rules contraband/unauthorized property, abuse of privilege, Insolence, Disobeying a order, Intimidation Threats.

2) C/o Olson served me the disciplinary report I signed and he gave me the yellow copy. I filled-out the bottom portion for witnesses request and return it too C/o Olson to forward too the hearing committee. C/o Olson never inform me I had to print on the original white copy the request nor did act in the capacity as my advocate for request for witnesses.

3) The hearing committee states they never got a request for witnesses if it never showed on the original white copy request for witnesses. but on the yellow copy.

4) They refused me additional time too interview my witnesses after I told them I had requested witnesses. I was also refused a advocate, deprived too have the evidence against me investigated by a advocate. I was never asked if I wanted a advocate. and I never signed a 24-hour waiver therefore making my hearing one-sided and totally on the word of the Associate Librarian Teresa Casteel. And deprived me with total disregard for a fair administrative due process hearing under administration rules, policies and procedures governed by State and Federal Law. Federal Law has dual sovereign. Gregory Lipe. and Jeffrey deprived me these rights after I told them I had requested witnesses.

5.) Teresa Casteel charged me with rule violations I did not commit. My witnesses would have verified this fact, but I was deprive too have witnesses interviewed. C/o Olson was negligent in the process of my request for witnesses contributing too the administration due process violation.

6.) Warden Steven Bryant is vicariously liable for the above individuals inappropriate conduct for failure to monitor, train properly and supervise properly. Teresa Casteel made erroneous and misleading accusations. All other's followed suit.

7.) Alliance Library System, Lakeland College and IDOC Vocational Dept. of Educational Services, vicariously liable for the inappropriate behavior and conduct of Librarian Teresa Casteel, whether known or unknown for failure to monitor, train and supervise, Teresa Casteel properly. She cannot punish me for a non-incarcerated third party actions concerning the internet.

8) Jackie Miller vicarous liable for following suit with all other parties in this action condoning their inappropriate conduct and behavior regarding rules, policies and proper procedures of administrative due process under state and Federal law and for failure to properly train, monitor and supervise, service of disciplinary reports just like warrants.

9) Roger E. Walker, vicarous liable for the action of Teresa Casteel, I cannot be punished for the actions of a non-incarcerated third party whether known or unknown for failure to properly train, monitor and supervise concerning the law.

10) Roger E. Walker, vicarous liable for the action of c/o Olson for failure to train properly concerning issuance of disciplinary conduct report acting in the capacity of a advocate when serving a disciplinary report and failure to inform individuals the 54 hour-waiver and about request too have witnesses interviewed. I was deprive a due process hearing due to c/o Olson failure too inform me when serving the disciplinary report I had too complete the bottom portion if I wish to request witnesses on the original white copy and the yellow copy I submitted comes up missing so I got played on by the staff and deprived a fair administrative hearing. Then who got the yellow copy will never know now his networth deprived me of due process by his negligent Roger Walker fail to monitor and supervise Warden Steven Bryant and c/o Olson, and Warden Steve Bryant failed to train c/o Olson properly concerning service of disciplinary reports. C/o Olson acted in the capacity of a advocate when he was not heacted in the interests of the defendants.

11) IDOC is not exempt from following its own rules, policies and procedures. I did not abuse no privileges and I have been placed in a disciplinary facility been here 1 year an 11 month's and was given 30 day's segregation I have abused no privileges. Legal correspondence is not classified as contrahand if it purpose is of a legal intent for legal reasons, for litigation. Further too state my witnesses would have verified that I was not intimidating nor threaten Associate Librarian Teresa Casteel.

12) Decieved by c/o Olson acting in the capacity of a advocate and his failure too explain the 24 hr waiver and request for witnesses and Steven Bryant failure to appoint advocates on inmates behalf and for advocates to investigate the evidence against the offender. In violations of IDOC 504 rules, policies and procedures covering full due process administrative hearing

-5 (⬛) - A.

Rev. 2/00

V.  **REQUEST FOR RELIEF**

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

Compensatory - Punitive, and Actual an Negligent in Vicarous Liability and Damages and Court Cost and Attorney Fees: From all parties Herein involved, Teresa Casteel $3,000,000.00 Officer Olsen $3,000,000.00 Gregory Lipe $3,000,000.00 Jeffrey Andriks $3,000,000.00 Steven Bryant $4,000,000.00 Alliance Library System School Dist 428 $5,000,000.00 Lakeland College $5,000,000.00 IDOC Dept. of Vocational and Educational Services $5,000,000.00 Jackie Miller $6,000,000.00 Roger E. Walker $7,000,000.00

VI. **JURY DEMAND** *(check one box below)*

The plaintiff does ☒   does not ☐   request a trial by jury. *(See Fed.R.Civ.P. 38.)*

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 30 day of October, 2008.

_Frank Taylor #R29532_
Signature of Plaintiff

_____
Signature of attorney, if any